Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000137
03-JUL-2013
09:37 AM

NO. CAAP-10-0000137

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MARTIN J. MONAHAN, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR NO. 10-1-1526)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Martin J. Monahan[1] ("Monahan") appeals from the October 27, 2010 Amended Judgment of Conviction and Sentence; Notice of Entry ("Amended Judgment") entered by the Family Court of the First Circuit ("Family Court").[2] A jury convicted Monahan of one count of abuse of family or household members in violation of Hawaii Revised Statutes ("HRS") § 709-906.[3] The Family Court sentenced Monahan to, among other things, two years of probation and five days in jail with credit for time served.

---

[1] The spelling of Monahan's name is not consistent in the record. While the spelling on the opening and closing briefs and the complaint appear as "Monahan," the spelling on the notice of appeal and various other documents appear as "Monohan." Based on its overall prevalence in the record, however, it appears that the correct spelling is "Monahan."

[2] The Honorable Jeannette H. Castagnetti presided.

[3] HRS § 709-906(1) states, in pertinent part, that "[i]t shall be unlawful for any person, singly or in concert, to physically abuse a family or household member . . . ." HAW. REV. STAT. § 709-906 (Supp. 2011).

On appeal, Monahan contends that the Family Court (1) violated his constitutional right to a trial before a fair and impartial tribunal by telling the prosecutor how to lay sufficient foundation in order to read the complainant's ("Complainant") statement to the police ("Statement") into evidence under the past-recollection-recorded exception to the hearsay rule and (2) otherwise erred in admitting the Statement because the State failed to lay sufficient foundation. Monahan also argues that (3) the Family Court's instructions to the jury regarding self-defense were erroneous because the Family Court failed to state that a person employing protective force "may estimate the necessity for the use of such force under the circumstances as he reasonably believes them to be when the force is used, without retreating or doing any other act that he has no legal duty to do or abstaining from any lawful action."

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Monahan's points of error as follows:

(1) Monahan argues that the Family Court violated his constitutional right to a trial before a fair and impartial tribunal by giving instructions to the prosecutor on how to lay the foundation to admit the Complainant's Statement under the past-recollection-recorded exception to the hearsay doctrine.[4] We disagree.

The Family Court's alleged misconduct occurred after the prosecutor had attempted to lay the foundation necessary to allow the Statement to be read to the jury by asking the Complainant about various provisions found in the Statement

---

[4]    Under the Hawai'i Rules of Evidence ("HRE"), past recollection recorded is

> [a] memorandum or record concerning a matter about which the witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge correctly.

Haw. R. Evid. 802.1(4). A statement that constitutes a past recollection recorded is not excluded by the hearsay rule. *Id.* 802.1.

itself—for instance, asking the Complainant, "just above your signature, isn't it true that it says that you have read this statement . . . which consists of typed or handwritten pages and continuation pages?" Monahan's attorney then asked for a bench conference. Monahan's attorney objected to the fact that the prosecutor was "basically reading what's on the report" without laying a foundation to utilize the past-recollection-recorded exception to the hearsay doctrine. The prosecutor responded that she was simply reading "the typewritten portion that she signed to authenticate the document . . . ." The Family Court stated:

> I understand the purpose of why you're asking that.
>
> But the fact that you're reading it in, that she attested that it was true at the time and now she's changing her story is raising some issues. So the foundation for this type of evidence is that she has to -- it's information about what the witness once had knowledge but now has insufficient recollection, I think that's been laid.
>
> To enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness' memory, and to reflect that knowledge correctly. All right.
>
> So the test -- the foundation as to when she wrote it was right then and there.
>
> . . . .
>
> And then it was fresh in her memory. All right. So there's a little more foundation that needs to be laid here.
>
> So I'm going to sustain your objection about reading in that testimony and then -- but you need to lay more foundation. All right.

Monahan contends that this statement constitutes the alleged misconduct.

Due process requires that courts be impartial and that courts should not act as an advocate for any party. *State v. Medeiros*, 80 Hawai'i 251, 259, 909 P.2d 579, 587 (App. 1995). "However, reversal on the grounds of judicial bias or misconduct is warranted only upon a showing that the trial was unfair." *State v. Hauge*, 103 Hawai'i 38, 48, 79 P.3d 131, 141 (2003). "Unfairness, in turn, requires a clear and precise demonstration of prejudice." *Id.*

Here, Monahan fails to show that his trial was unfair, and it appears that the Family Court acted well within

constitutional bounds. While Monahan's counsel, when making a prior speaking objection, clearly intended not to reveal what foundation was lacking — stating, "I'm not going to give away what is missing from foundation, but it has not been laid" — the Family Court was not required to play along. The Family Court merely recited the foundational elements of past recollection recorded, which are directly discernible from the text of HRE Rule 802.1, when clarifying its ruling on Monahan's objection that foundation was lacking. Monahan's attempt to twist the Family Court's words into something nefarious fails; the Family Court was merely articulating the legal basis for her ruling.

Therefore, the Family Court did not violate Monahan's constitutional right to a trial before a fair and impartial tribunal.

(2) Under HRE 802.1(4), a memorandum or record is admissible if the proponent demonstrates that (a) "the witness once had personal knowledge of the matter," (b) "the record or memorandum was prepared or adopted by him when it was fresh in his memory," (c) "it accurately reflected his knowledge," and (d) "the witness currently has insufficient recollection to enable him to testify fully and accurately." *State v. Keohokapu*, 127 Hawai'i 91, 106, 276 P.3d 660, 675 (2012) (quoting 30C Michael Graham, *Federal Practice and Procedure: Evidence* § 7046 (interim ed. 2006)). Monahan argues that the State failed to show (b) and (c). We hold that Monahan has not demonstrated error.

The Family Court did not err in concluding that the Statement was prepared or adopted by Complainant when the incident was fresh in her memory. Complainant testified that she remembered writing the Statement on the same day as the incident, that no changes had been made to the Statement since she last saw it, and that the handwriting and signature on the document was her own. This was sufficient.[5/] *Keohokapu*, 127 Hawai'i at 106,

---

[5/]     Monahan argues that testimony, presented after the Statement had already been read to the jury, shows that Officer Kam helped Complainant write the Statement and that Complainant does not understand English very well. However, the admissibility of evidence must be judged upon the record that exists at the time the evidence is offered. *Cf. Myers v. Cohen*, 67 Haw. 389, 394, 688 P.2d 1145, 1150 (1984) ("admissibility is frequently a matter within the discretion of the trial judge, *dependent upon what has been shown at the*

276 P.3d at 675.

Furthermore, Monahan fails to show that the State did not establish that the Statement reflected Complainant's knowledge correctly. At the time that the Family Court allowed the Statement to be read to the jury as past recollection recorded, Complainant testified that she remembered being at home with Monahan in the evening on May 17, 2010. While unable to remember specifically what happened that evening between her and Monahan, Complainant acknowledged that, on May 17, 2010, she and Monahan were involved in an "incident." She recalled the police coming to her house that same night, and she remembered speaking with them. Complainant testified that she remembered writing the Statement on the same day as the incident. She recognized the handwriting and signature on the Statement as her own, and stated that no changes had been made to the Statement since she last saw it. Right above her signature, the document states: "I attest that this statement is true and correct to the best of my knowledge, and that I gave this statement freely and voluntarily without coercion or promise of reward."[6] These facts were sufficient to show that the Statement reflected Complainant's knowledge correctly. See id. Therefore, Monahan has not shown error.

(3) Monahan argues that the Family Court's jury instructions on the affirmative defense of self-defense were erroneous because they failed to state that "a person employing protective force may estimate the necessity thereof under the circumstances as he believes them to be when the force is used without retreating, surrendering possession, doing any other act which he has no legal duty to do, or abstaining from any lawful

---

trial at the time the evidence in question is offered." (emphasis added)). Evidence subsequently presented that calls the reliability of the previously admitted evidence into question raises an issue for the factfinder; it does not render previously admissible evidence inadmissible.

[6]    Furthermore, evidence tending to impeach the quality of Complainant's knowledge — for example, that Complainant drank beer that night or that she had been angry at Monahan and belligerent — had not been introduced when the Family Court made its foundational ruling.

action."[1/]  This statement of law comes from HRS § 703-304(3), which provides "the generally applicable rule that the actor need not retreat or take any other evasive action before estimating the necessity for the use of force in self-protection."  HAW. REV. STAT. § 703-304 cmt. (1993).

Monahan argues that the failure to give such an instruction was prejudicial and was, therefore, plainly erroneous because evidence was presented that (1) Complainant had been drinking and was throwing objects at him; (2) Monahan attempted to retreat from the room several times only to have Complainant block the exit, preventing him from retreating; and (3) Monahan pushed her only to escape.  He argues that he "did not have a duty to retreat and he was justified in using force to exit the room and avoid further assault by [Complainant]."

It is undisputed that trial counsel did not submit a proposed instruction to address the issue, nor did he object to the self-defense instruction that the Family Court gave to the jury.  That instruction, however, did not provide the same information that would have been covered by a jury instruction incorporating the text of HRS § 703-304(3) and specifically addressing the defendant's entitlement to exit his bedroom and to move about his house.

Given the manner in which Monahan's defense was presented at trial, the substantial evidence in the case, and the fact that Monahan's defense clearly called into question his entitlement to remove himself from the bedroom under the circumstances, we conclude that the Family Court had a duty under *State v. Stenger*, 122 Hawai'i 271, 226 P.3d 441 (2010), to sua sponte instruct the jury that Monahan could estimate the necessity of employing protective force without retreating, surrendering possession, doing any other act which he has no

---

[1/]      As to the issue of self-defense and the justifiable use of force, the Family Court instructed the jury, in part, as follows:

> The reasonableness of the Defendant's belief that the use of such protective force was immediately necessary shall be determined from the viewpoint of a reasonable person in the Defendant's position under the circumstances of which the Defendant was aware or as the Defendant reasonably believed them to be.

legal duty to do, or abstaining from any lawful action.

In *Stenger*, the Hawai'i Supreme Court considered whether and when a trial court is obligated to give a jury instruction on a potential defense when the defendant has not requested the instruction. A majority of the court ruled that the trial court was obligated, sua sponte, to give the jury instruction at issue in that case. 122 Hawai'i at 273, 226 P.3d at 443 (Acoba, J.); *id.* at 296, 226 P.3d at 466 (Kim, J. concurring); *id.* at 297, 226 P.3d at 467 (Moon, C.J., dissenting); *id.* at 300, 226 P.3d at 470 (Nakayama, J. dissenting). It is at least clear that four of the five members of the *Stenger* court agreed that a trial court has a duty to sua sponte instruct the jury on a particular defense if: "(1) it appears that the defendant is relying on such a defense, or (2) if there is substantial evidence supportive of such a defense and the defense is not inconsistent with the defendant's theory of the case." 122 Hawai'i at 299, 226 P.3d at 469 (Moon, C.J., dissenting); *id.* at 281, 226 P.3d at 451 (Acoba, J.); *id.* at 296-97, 226 P.3d at 466-67 (Kim, J., concurring).

In this case, the theory that Monahan employed protective force while in the act of trying to leave the room in which the Complainant had allegedly barricaded him was central to the defense presentation at trial. Since the jury was not presented with the specific instruction, the jury might have believed that Monahan was obliged to remain in his room and to avoid initiating a confrontation with the Complainant.

We cannot say that the failure to instruct the jury on the defendant's entitlement to estimate the need for protective force without retreating or first abstaining from any lawful action was harmless beyond a reasonable doubt, as "there is a reasonable possibility that the error contributed to the defendant's conviction[.]" See *Stenger*, 122 Hawai'i at 281, 226 P.3d at 451 (quoting *State v. Nichols*, 111 Hawai'i 327, 337, 141 P.3d 974, 984 (2006)). Therefore, even though not requested by counsel, the Family Court had a duty to sua sponte instruct the jury on the defendant's entitlement to leave his bedroom and move about his house even in the face of Complainant establishing a

barricade at the doorway.

Therefore, we vacate the Amended Judgment entered on October 27, 2010 and remand for a new trial.

DATED:  Honolulu, Hawai'i, July 3, 2013.

On the briefs:

Iokona A. Baker,
Deputy Public Defender,
for Defendant-Appellant.

Anne K. Clarkin,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge